IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joseph Michael Lyons, Jr., # 310283, | ) | C/A No.: 1:11-733-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Orangeburg County Detention Center; | ) | |
| Mr. Bamberg; Mrs. Dozier; Sgt. Woods; | ) | |
| Deputy Bonepart; Captain Govan; | ) | |
| Officer Jones; and Officer Janet | ) | |
| Williams, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

I.   Background

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil rights action against the Orangeburg County Detention Center ("OCDC") and its employees, alleging claims of excessive force and failure to provide medical care to him while he was a pretrial detainee. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint against OCDC in this case without prejudice and without issuance and service of process. In a separately-filed order, the undersigned authorized service of process upon the seven individual defendants.

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim

currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707. (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." Courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See McCray v. Berkeley County Detention Center*, C/A No. 1:10-1615-RMG-SVH, 2010 WL 4237432 (D.S.C. Aug. 26, 2010) (Berkeley County Detention Center is not a person, and therefore not amenable to suit under 42 U.S.C. § 1983). The OCDC is not a "person" subject to suit under 42 U.S.C. § 1983. Thus, Plaintiff's complaint fails to state a claim

3

against OCDC upon which this court may grant relief under § 1983 and it is recommended that it be summarily dismissed.

III.    Conclusion

Accordingly, it is recommended that the district judge dismiss the Orangeburg County Detention Center from the above-captioned case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

May 31, 2011                                                        Shiva V. Hodges
Florence, South Carolina                                   United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**